[No. 22447. Department Two. August 5, 1930.]

J. Ernest Swiger, *Appellant*, v. Earl E. Reinier, *Respondent.*[1]

*Oscar G. Heaton* and *Henry Clay Agnew,* for appellant.

*Meier & Meagher,* for respondent.

Holcomb, J.—Appellant brought this action against respondent for damages for alienation of the affections of the wife of appellant. After trial to the court without a jury, the court found that a preponderance of the evidence was not in appellant's favor. It also found that appellant was not entitled to any damages. The conclusions and judgment were therefore in favor of respondent.

On appeal, appellant assigns as the only error that the court erred in restricting the cross-examination of a certain witness. This witness had testified as to an acquaintance with both appellant and his wife and respondent. He also testified that he saw a certain man, not respondent nor appellant, in bed with the wife of appellant, about two years before, in a certain small hotel in Seattle; that, after about forty minutes, he

[1]Reported in 290 Pac. 842.

took them, the man and the wife of appellant, out of that hotel to the home of the man. He declined to give the name of the man upon objection of respondent's counsel. Counsel for respondent then withdrew his objection, but the court refused to require the witness to give the name of the man because the matter was scandalous. The entire testimony of this witness has been read. The court, seeing the witness, probably disbelieved his whole story, which contained much innuendo against the wife relating to several alleged visits of his own to her.

Appellant argues that, had the testimony of this witness been completely destroyed as it would have been had this cross-examination been allowed, the trial court's opinion would then have been different.

We do not so consider. This testimony was relevant only for the mitigation of damages. (30 C. J. 1149, 1150.) When the trial court found that there was no cause for damages, there were no damages to mitigate.

We conclude, therefore, that the assignment of error is not well founded, and that the judgment must be and is affirmed.

MITCHELL, C. J., MAIN, FULLERTON, and FRENCH, JJ., concur.